**HOGUET NEWMAN REGAL & KENNEY,** LLP

One Grand Central Place　　　　Tel　212.689.8808
60 East 42nd Street, 48th Floor　　Fax　212.689.5101
New York, New York 10165　　　　www.hnrklaw.com

bnash@hnrklaw.com

June 16, 2025

**VIA ECF**
Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

　　　　Re:　***Berkley Ins. Co. v. Weddle Law PLLC*, Civil Action No. 1:24-cv-08108-JAV**

Dear Judge Vargas:

　　This firm represents Defendant and Counterclaim-Plaintiff Weddle Law PLLC ("Weddle Law") in the above-referenced action. We write in opposition to the letter motion of Plaintiff and Counterclaim-Defendant Berkley Insurance Company ("Berkley") for a stay of discovery pending the determination of Berkley's motion for judgment on the pleadings. ECF Doc. No. 22 ("Pl. Letter Mot.").

　　As explained below, Berkley cites no reason to depart from the well-settled rule in this District that a Rule 12 motion does not stay discovery. To the contrary, the limited discovery Weddle Law seeks should be completed before the briefing and determination of Berkley's motion. Weddle Law's document requests—which Berkley has yet to respond to although they were served two months ago—are targeted to information courts have recognized as probative of the issues of policy interpretation raised by Berkley's motion. Accordingly, the motion for judgment on the pleadings should be held in abeyance until the parties have completed limited discovery, including the production of Berkley's claim and underwriting files, and any other documents or correspondence relating to the handling of Weddle Law's claim.

**Background**

　　In this action, Weddle Law seeks the Court's intervention to compel Berkley to honor its insurance policy including its duty to defend. The underlying Adversary Proceeding indisputably constitutes a "claim" under the Policy, triggering Berkley's duty to defend, because it is (1) a "suit for money," (2) "arising out of" Weddle Law's performance of legal services—a term of art under New York law that connotes but-for causation. Since transfers challenged by the Chapter 11 Trustee would not have been made but for Weddle Law's rendering of legal services to its clients, the Adversary Proceeding is a "claim" that Berkley must defend.

　　Berkley initially declined defense coverage based on the pretense that the Trustee's complaint "does not contain any reference to 'legal services' performed by Weddle Law" and therefore "there is no 'claim' asserted against Weddle Law." But the words of a complaint do not

determine whether a claim is "a suit for money" "arising out of" Weddle Law's performance of legal services—the facts of the claim determine that. And Berkley itself acknowledged in its initial coverage denial letter "the transferred funds were legal fees paid to Weddle Law," thus conceding that the complaint "arose out of" Weddle Law's legal services.

When the Trustee filed its brief in opposition to the motion to dismiss, which made various baseless accusations concerning Weddle Law's legal work, Berkley's pretextual refusal of coverage was even less tenable. At that point, Berkley belatedly acknowledged that the Trustee had alleged "that Weddle Law committed an act or omission in the rendering of or failure to render legal services as that term is defined, resulting in a claim asserted against Weddle Law." **Exhibit 1**. Accordingly, Berkley agreed to provide a defense in the Adversary Proceeding—albeit with certain improper conditions that cynically sought to avoid almost all of the costs of a reasonable defense. Weddle Law objected to these improper conditions and submitted invoices for its defense costs to Berkley for reimbursement. Upon receipt of the defense-costs invoices, Berkley immediately reversed course and filed this action, seeking to avoid its duty to defend.

Berkley now contends that it has no duty to defend for two reasons: "(1) the Adversary Proceeding does not seek covered 'damages' under the Policy; and/or (2) the Adversary Proceeding does not constitute a 'claim' by reason of an act or omission in the performance of 'legal services'." Pl. Letter Mot. at 1. Not only do these arguments have no support in the language of the Policy, each directly contradicts the positions taken by Berkley's own claims adjuster (a licensed attorney) just weeks before this lawsuit was filed.

As explained at length in Weddle Law's counterclaims (ECF Doc. No. 11 at 13–14), Berkley's duty to defend attaches to any "claim" under the Policy, which is defined without reference to the separately-defined term "damages." Thus, any suit demanding "money," "arising out of" "an act in the rendering of legal services" is a "claim," triggering Berkley's duty to defend—even if the suit seeks to recover amounts that would not be indemnifiable as "damages" under the Policy. Berkley acknowledged as much when its claims adjuster conceded that Berkley's duty to defend had been triggered notwithstanding Berkley's position that the Adversary Proceeding did not seek covered damages.

Berkley's argument that the Adversary Proceeding "does not constitute a claim by reason of . . . the performance of legal services" fares no better. The Policy defines "claim" using the expansive phrase "arising out of," which under New York law connotes but-for causation. *See, e.g., Country-Wide Ins. Co. v. Excelsior Ins. Co.*, 147 A.D.3d 407, 409 (1st Dep't 2017) (citing *Mount Vernon Fire Ins. Co. v. Creative Hous.*, 88 N.Y.2d 347, 350 (1996)) (holding that term "arising out of" as used in an insurance policy, requires only "some causal relationship") (emphasis added). And again, only weeks before Berkley commenced this action, its adjuster had admitted that the Adversary Proceeding constitutes a "claim" under that expansive definition, triggering Berkley's duty to defend.

On April 24, 2025, Weddle Law served Berkley with a limited set of 20 documents requests. Pl. Letter Mot., Ex. A. Berkley has yet to provide its objections and responses—let

alone any of the requested documents—because it took the position that any discovery was premature prior to the Rule 16 conference. Now that the Court has held the conference, Berkley should be directed to make its document production forthwith. In particular, Requests 2-16—which call for production of Berkley's claim and underwriting files and related correspondence and documents concerning Berkley's handling of the claim—are highly material to the issues of policy interpretation raised by the motion for judgment on the pleadings. There should be no significant burden to Berkley in producing those documents, and the Court will benefit from the development of the record before ruling on dispositive motions. Accordingly, Weddle Law requests that briefing and argument on the motion be held in abeyance until this limited discovery is complete.

## Argument

Berkley's motion for a stay of discovery should be denied. As this Court explained in a recent decision, "a stay of discovery is the exception and not the rule in this District," and therefore, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Marsh & McLennan Agency, LLC v. Alliant Ins. Servs., Inc.*, 2025 WL 1616872, at *1-2 (S.D.N.Y. June 6, 2025) (Vargas, J.). Berkley cites no unusual circumstances that would warrant a stay here. Berkley suggests that its motion, if granted, would "obviate the need for discovery." Letter Mot. at 3. But that is true any time a party files a dispositive motion under Rule 12. Yet the default rule is for discovery to proceed, and Berkley offers no basis to deviate from that rule here.

Berkley pronounces the requested discovery "irrelevant" because it claims the Policy language is unambiguous and its meaning can therefore be determined as a matter of law. However, Courts have routinely granted the type of discovery Weddle Law seeks, recognizing that "in order to properly interpret an insurance policy, it is necessary to discern how that policy has been interpreted in the past." *Virtu Fin. Inc. v. AXIS Ins. Co.*, 2021 WL 3862857, at *2 (S.D.N.Y. Aug. 30, 2021) (citing *Mariner's Cove Site B Assocs. v. Travelers Indem. Co.*, 2005 WL 1075400, at *1 (S.D.N.Y. May 2, 2005)). "To this end, documents regarding similar claims of other insureds, the drafting history of a policy, and claims manuals are relevant and discoverable in actions to recover insurance reimbursement." *Mariner's Cove*, 2005 WL 1075400 at *1; *Young Israel of New Hyde Park v. Philadelphia Indem. Ins. Co.*, 2009 WL 10745812, at *1 (E.D.N.Y. Oct. 16, 2009) (permitting discovery of insurer's handling of other similar claims, as this "may tend to show defendant's practices in interpreting relevant policy provisions"); *Virtu Fin. Inc.*, 2021 WL 3862857, at *3 (discovery of insurer's underwriting file relevant to "determining (1) the risks the insurer expected to cover when it sold the policy; (2) how the insurer interpreted the relevant policy terms, and (3) whether those terms are ambiguous.").

Berkley's suggestion that this discovery is improper in this case because the Policy language is unambiguous is an objection that "goes to admissibility, as opposed to discoverability." *Certain Underwriters at Lloyd's v. National R.R. Passenger Corp.*, 2016 WL 2858815, at *10 (E.D.N.Y. May 16, 2016). "Courts in the Second Circuit regularly reject

arguments . . . that an insured should be precluded from discovering extrinsic evidence because the relevant policy language is unambiguous." And "[t]his is especially so where the district judge has yet to rule on the ambiguity or clarity of the applicable policy terms." *Virtu Fin. Inc.*, 2021 WL 3862857, at *3. Indeed, the limited discovery Weddle Law has sought here is especially relevant: it does not concern other "similar claims" but rather the insurer's prior contradictory interpretations of the very policy and claim at issue in this case. Weddle Law intends to move for summary judgment on the duty to defend but maintains that the Court's adjudication of the issue would benefit from a complete discovery record on Berkley's handling of the claim.

For these reasons, Berkley's motion for a stay of discovery pending the determination of its motion for judgment on the pleadings should be denied. Instead, Berkley should be directed to respond forthwith to Weddle Law's document demands, which were served two months ago, and the briefing and determination of Berkley's motion should be deferred until the completion of this limited discovery. At that point, a briefing schedule can be set for both parties' motions. In the alternative, should the Court decide to permit Berkley's motion to proceed at this time, Weddle Law requests that the Court enter a briefing schedule along the lines discussed at last week's Rule 16 conference, with the opposition brief due 30 days from today.

We thank the Court for its attention to this matter and would be happy to answer any questions or to provide any additional information that Your Honor may require.

Respectfully,

Bradley J. Nash

Encl.

cc: Counsel of Record (via ECF)