```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
BERKLEY INSURANCE COMPANY,                                        :
                                                                  :
                              Plaintiff,                          :    24-CV-08108 (JAV)
                                                                  :
           -v-                                                    :    ORDER
                                                                  :
WEDDLE LAW PLLC,                                                  :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

On June 12, 2025, Plaintiff filed a Motion to Stay Discovery pending resolution of Plaintiff's Motion for Judgment on the Pleadings (ECF Nos. 20-21). *See* ECF No. 22. Plaintiff argues that the "targeted" discovery concerning Plaintiff's claim file and the claims handling process is "irrelevant to whether [Plaintiff] has a duty to defend under the Policy for the Adversary Proceeding." *Id.* at 2. Plaintiff further argues that even if Defendant intends to use discovery to pursue its claim for breach of the covenant of good faith, "the information is in any event not necessary at this stage of the proceedings because that claim likewise fails as a matter of law." *Id.* In opposition, Defendant contends that its document requests "are targeted to information courts have recognized as probative of the issues of policy interpretation raised by Berkley's motion." ECF No. 23 at 1. Defendant also points out that Berkley has not responded to its document demands, which were served two months prior. *Id.* at 4.

"Discovery should not be routinely stayed simply because a motion has been filed." *Best Partners Mortgage Cooperative, Inc. v. Plaza Home Mortgage, Inc.*, 2025 WL 419293, at *1 (S.D.N.Y. Jan. 24, 2025) (citing *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). Pursuant to Federal Rule of Civil Procedure 26(c)(1),

"upon a showing of good cause a district court has considerable discretion to stay discovery." *Id.* (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009)). "Good cause" is assessed through the application of the following three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010); *Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM)(JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018). "The burden of showing good cause . . . falls on the party seeking the order" for a stay of discovery. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted).

After considering these three factors, the Court does not find that there is good cause to stay discovery. For purposes of this Motion to Stay Discovery, the Court cannot find that the claims and requested discovery Defendant seeks to be so devoid of merit as to warrant a stay of discovery.

In terms of the second factor involving the breadth and burden of discovery, Plaintiff have not yet responded to Defendant's discovery requests, and, further, "some burden exists in all discovery and [Defendants] ha[ve] not presented specific facts as to burden." *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025). Plaintiff makes a precursory argument that the documents Defendant seeks "have absolutely no bearing on any of the issues in the case" and contends that many of the categories of documents only relate to claims of insurer bad faith. ECF No. 22 at 3. Yet the requested documents may shed light on determining the meaning of the language of the Policy for the Adversary Proceeding. *See Virtu Fin. Inc. v. Axis Ins. Co.*, 2021 WL 3862857, at *3 (S.D.N.Y. Aug. 30, 2021) (noting that the requested

underwriting file would be "helpful in determining (1) the risks the insurer expected to cover when it sold the policy, (2) how the insurer interpreted the relevant policy terms, and (3) whether those terms are ambiguous").  Plaintiff has not quantified the volume of documents at issue or the expense associated with such discovery.  Nor has Defendant convincingly demonstrated why discovery would be overly burdensome on an insurance company that should be experienced in responding to discovery requests of this kind.

This does not mean that *all* the documents Defendant seeks are relevant to the issues raised by this litigation.  The Court can entertain "[a]ny objections to individual discovery requests," *Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016), and Plaintiff is welcome to seek a protective order from the Court to limit the scope of discovery while the motion for judgment on the pleadings is pending.

Lastly, "[w]hile it is true that [the motion] may remain pending only for a matter of months, thus obviating the degree of prejudice, as noted previously a stay of discovery is the exception and not the rule in this District." *Metzner v. Quinnipiac Univ.*, No. 3:20-cv-00784 (KAD), 2020 WL 7232551, at *6 (D. Conn. Nov. 12, 2020); *see also Elhassa*, 2022 WL 563264, at *2 (dismissing the argument that the non-moving party "will suffer no prejudice" due to delay as "the case is still at its early stages").

Accordingly, Plaintiff's Motion to Stay Discovery is DENIED.  The Clerk of the Court is respectfully directed to terminate ECF No. 22.

SO ORDERED.

Dated: August 1, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge