UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :

BERKLEY INSURANCE COMPANY,               :

                        Plaintiff,                      :
                                                                       :       24-CV-08108 (JAV)
               -v-                                  :
                                                                        :            ORDER

WEDDLE LAW PLLC,                                       :

                        Defendant.                 :
                                                                          :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

        On October 29, 2025, Defendant and Counterclaim-Plaintiff Weddle Law PLLC ("Defendant") filed a motion to compel Plaintiff and Counterclaim-Defendant Berkley Insurance Company ("Plaintiff") to produce two sets of documents relating to Plaintiff's loss reserves and claim investigation. ECF No. 35 ("Mot.") at 1. The Court previously granted Defendant's motion as it concerned the communications concerning loss reserves. ECF No. 37. The Court further ordered Plaintiff to submit for *ex parte* and *in camera* review unredacted copies of the documents over which the attorney-client privilege or work product doctrine was asserted. *Id.*

        The Court, having reviewed *in camera* the disputed documents, denies Defendant's motion to compel production of these documents. The attorney-client privilege protects applicable communications from disclosure. *Upjohn Co. v. United States*, 449 U.S. 383, 386 (1981). The attorney-client privilege applies when there are "communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (citation omitted). The communications at issue here satisfy each element.

The communications (1) occurred between the client and the client's counsel, (2) were intended to be confidential (and there is no allegation that they were not kept confidential, *see* Mot. at 2-3), and (3) concern the obtainment or provision of legal advice about the application of New York law to the insurance policy at issue. These communications do not primarily concern the investigation into the underlying facts at issue in the application of that policy. As such, these communications are properly protected by attorney-client privilege.

Accordingly, Defendant's motion to compel is GRANTED IN PART AND DENIED IN PART. The Clerk of Court is directed to terminate ECF No. 35.

SO ORDERED.

Dated: November 19, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge