UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                               :

BERKLEY INSURANCE COMPANY,          :

                                     :

                 Plaintiff,        :        24-CV-08108 (JAV)

                                     :

        -v-                   :        <u>ORDER</u>

                                     :

WEDDLE LAW PLLC,               :

                                     :

                 Defendant.      :

                                     :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On January 13, 2026, Defendant Weddle Law PLLC ("Weddle Law") moved the Court (i) to extend fact discovery until Plaintiff Berkley Insurance Company ("Berkley") supplements its production with "files of Amundsen Davis, the law firm to which Berkley outsourced the handling of Weddle Law's claim," and (ii) to preclude Berkley "from introducing testimony from its Assistant Vice President, Claims, Cynthia Carter, whom Berkley never identified as a potential witness and whose documents Berkley did not produce until after the fact discovery cut-off date." ECF No. 44 ("Mot.") at 1.

Weddle Law's first request is now moot, given Berkley's representations that "Berkley agrees to request, collect and produce the relevant, non-privileged materials from Amundsen Davis's files relating to the claims at issue in this litigation." ECF No. 46 ("Resp."). Accordingly, the Court addresses only Weddle Law's preclusion request.

Weddle Law argues that, because Berkley's "eleventh-hour supplemental production" contained "several highly material email communications," including from Ms. Carter, and because Berkley did not identify Ms. Carter as a potential witness in its initial disclosures or thereafter, Berkley should be precluded from offering Ms. Carter's testimony, including by

affidavit on summary judgment.  Mot. at 1-3.  While failure to comply with Rule 26 can subject a party to sanction in the form of preclusion under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "the imposition of sanctions for abuse of discovery is "a matter within the discretion of the trial court." *Hein v. Cuprum, S.A., De C.V.*, 53 F. App'x 134, 136 (2d Cir. 2002).  In deciding whether to exercise this discretion, courts  consider: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (cleaned up).   Because preclusion is a drastic remedy, it should be exercised with caution. *Olutosin v. Gunsett*, No. 14-CV-00685 (NSR), 2019 WL 5616889, at *4 (S.D.N.Y. Oct. 31, 2019) ("courts have often only precluded evidence where there was 'flagrant bad faith or a 'callous disregard of the rules'" (citation omitted)); *see e.g.*, *NIC Holding Corp. v. Lukoil Pan Americas, LLC*, No. 05-CV-9372 (LAK) (FM), 2007 WL 1467424, at *5 (S.D.N.Y. May 16, 2007) (refusing to preclude certain fact witnesses from testifying, even though they were not identified initially, because any prejudice could be cured by permitting their depositions).

Preclusion is not a proportional remedy for Berkley's failure to timely identify Ms. Carter and her material communications under Rule 26, particularly given that Ms. Carter's involvement in the claims handling process was made apparent in prior discovery.  Resp. at 3-4; Fed. R. Civ. P. 26(e)(1)(A); *see also Banxcorp v. Costco Wholesale Corp.*, 978 F. Supp. 2d 280, 323 (S.D.N.Y. 2013) (supplementation of a Rule 26 initial disclosure is "only necessary when the omitted or after-acquired information has not otherwise been made known to the other parties during the discovery process.") (citation omitted).  The Court finds that Berkley's explanations

2

for its Rule 26 omission are sound and that any prejudice to Weddle Law can be easily cured through a supplemental deposition of Ms. Carter.

Accordingly, the Court GRANTS a limited reopening of fact discovery to allow for Defendant's deposition of Ms. Carter.  Defendant's motion is otherwise DENIED.  The Clerk of the Court is respectfully directed to terminate ECF No. 44.

SO ORDERED.

Dated:  January 22, 2026
       New York, New York

                                     JEANNETTE A. VARGAS
                                     United States District Judge